**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES MICHEAL PAYNE                                                                    PLAINTIFF

V.                                   NO. 1:06CV00064 WRW-BD

HARRY RHODES, *et al.*                                                                DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background:

Plaintiff filed a pro se complaint (#2) under 42 U.S.C. § 1983 seeking monetary damages from Defendants in their official and personal capacities.  At the time of the alleged incident, Plaintiff was incarcerated in the Grimes Unit of the Arkansas Department of Correction ("ADC").

According to Plaintiff's complaint, in July, 2006, the ADC transferred him from its Wrightsville unit to the Grimes unit.  Prior to his transfer, the ADC had classified him as an "M2" or an inmate with medical restrictions relating to his left hand.  However, "medical" failed to tell the ADC Defendants that Plaintiff was an M2 with left hand restrictions, and on July 11, 2006, after arriving at the Grimes unit, Defendants Rhodes, Hill, and Barnett (hereinafter "the ADC Defendants") classified him as "M1" with no medical restrictions.  Plaintiff claims that when the ADC Defendants were discussing his classification, Corporal Reed told them that a few weeks prior, when Plaintiff had been at that unit, he had been on "field utility."  The ADC Defendants still classified him as "M2."

Plaintiff claims that as a result of the "M1" classification, on August 4, 2006, he was placed on hoe squad duty.  On August 5, 2006, he awoke with a swollen left hand. He asked for a sick call and was taken to medical.  Plaintiff was given ibuprofen and a five-day duty restriction.  On August 9, 2006, he was again sent to medical.  The nurse wrapped his hand, gave him ibuprofen, and placed him on the doctor's list.  On August

10, 2006, Plaintiff was reassigned to food service duty.  Plaintiff saw a doctor on August 15, 2006.

On August 17, Plaintiff filled out a grievance form claiming the ADC Defendants were ignoring his left hand restrictions.  Sergeant Thomas Williams responded to the grievance the same day telling Plaintiff that he had "contacted medical and was advised that you do have classification of M2 and restrictions on left hand.  This information will be forwarded to the appropriate areas when I went to Classification (your health classification form showed no restriction) [sic] and that's why you were assigned [your] job." (#2 at 39)

On September 7, 2006, Plaintiff saw Dr. Sanchez who gave him a prescription and a thirty-day duty restriction and ordered an orthopedic consult.  Plaintiff saw an orthopedic surgeon on November 1, 2006.

Plaintiff alleges his constitutional rights have been violated because the ADC Defendants ignored his medical restrictions and failed to provide medical treatment in a timely manner.  The ADC Defendants filed a motion to dismiss (#21) arguing that they are entitled to sovereign immunity and that Plaintiff's complaint fails to state a claim of deliberate indifference against them.  Plaintiff responded to the motion claiming the ADC Defendants were deliberately indifferent to his medical records jacket and his field jacket.  (#23)   Defendant Bernard Williams filed a motion to dismiss (#30) claiming that Plaintiff

has failed to state any facts to support a claim against him in his individual or official capacity. Plaintiff has not responded to Defendant Williams's motion.

**III.     Discussion:**

A.     *Standard*

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

B.   *The ADC Defendants*

  1.   Official Capacity Liability

The ADC Defendants contend Plaintiff's claims for monetary damages against them in their official capacities are barred by the doctrine of sovereign immunity. The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his or her official capacity for monetary damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir.1992) (per curiam); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes*, 960 F.2d at 64-65 (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)). Neither exception is applicable to Plaintiff's case. See *Will*, 491 U.S. at 66.

Plaintiff has neither pled, nor is he able to prove, that the State has waived its immunity with regard to § 1983 lawsuits, and Congress did not abrogate Eleventh

Amendment sovereign immunity when it enacted § 1983.  Therefore, the Court recommends that Plaintiff be denied relief against Defendants in their official capacities.

    2.    <u>Individual Capacity Liability</u>

The ADC Defendants contend that they are entitled to qualified immunity for Plaintiff's claim of damages against them in their individual capacities.  In *Robinson v. White County, Ark.*, 452 F.3d 706, 711-12 (8th Cir. 2006), the Eighth Circuit stated that government officials are entitled to qualified immunity unless:

> their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known.  We analyze [the] qualified immunity issue in two steps.  First, we ask whether the facts as asserted by the plaintiff show the officer's conduct violated a constitutional right.  If the answer is no, we grant qualified immunity.  If the answer is yes, we go on to determine whether the right was clearly established.  The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id*. at 712 (quoting *Wright v. Rolette* County, 417 F.3d 879, 884 (8th Cir.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1338 (2006)).

Under the first step of the qualified immunity analysis, the Court must apply the Eighth Amendment deliberate-indifference standard.  *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006).  Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).   The Eighth Circuit has interpreted this standard as including both an objective

and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778 (8th Cir. 1997) (citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Assuming that Plaintiff has established that he had a serious medical condition that required attention, Plaintiff has not alleged facts that support that the ADC Defendants actually knew of but deliberately disregarded his condition. To the contrary, Plaintiff states in his complaint that "medical" failed to tell the ADC Defendants that he was an M2 with left hand restrictions. Plaintiff does allege that Corporal Reed told the ADC Defendants that, when Plaintiff had been at that unit a few weeks prior, he had been on "field utility." However, the ADC Defendants did not act with deliberate indifference in relying on the medical information at hand over the memory of an officer. Further, when prison officials verified with medical personnel that Plaintiff did have a classification of

M2 with restrictions on his left hand, that information was forwarded to the appropriate people and the classification was changed.

Accordingly, the Court recommends that the District Court grant the ADC Defendants' motion to dismiss (#21) Plaintiff's claims.

C.   *Bernard Williams*

In order to pursue a claim under § 1983, a plaintiff must adequately allege a constitutional violation.  A complaint which fails to allege a constitutional violation adequately fails to state a claim under § 1983.  *Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th Cir. 2007) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S.Ct. 596, 600-01 (2004).

To establish that Defendant Williams's conduct amounted to a constitutional violation, Plaintiff must demonstrate that Williams knew of and disregarded an excessive risk to Plaintiff's health.  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Furthermore, Plaintiff must allege that any delay in treatment had an adverse effect.  *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997).

Plaintiff fails to state any facts on which he can sustain a claim that Defendant Williams violated his constitutional rights.  After naming Williams as a defendant, Plaintiff's complaint does not make a single reference to Defendant Williams.  Plaintiff has not alleged that Defendant Williams had any personal involvement in any of his

treatment, much less that Williams disregarded an excessive health risk. Further, Defendant Williams is not mentioned in any of Plaintiff's grievances.[1]

Plaintiff may be seeking to impose liability on Defendant Williams because of his supervisory position. However, such a claim is predicated on a respondeat superior theory which does not apply to claims under 42 U.S.C. § 1983. *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984).

Accordingly, the Court recommends that the District Court grant Defendant Williams's motion to dismiss Plaintiff's claims against him in his individual capacity.

IV. **Conclusion**:

The Court recommends that the District Court GRANT the motion to dismiss of Defendants Rhodes, Barnett and Hill (#21); GRANT the motion to dismiss of Defendant Williams (#29); DISMISS Plaintiff's Complaint (#2) with prejudice as to Defendants Rhodes, Barnett, and Hill and without prejudice as to Defendant Williams; and order that the case be closed.

Dated this 24th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Williams argues that Plaintiff's failure to name him in any of his grievances is grounds to dismiss Plaintiff's complaint for failure to exhaust. However, the Supreme Court recently held that under the Prisoner Litigation Reform Act, "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." *Jones v. Bock*, \_\_\_ U.S. \_\_\_, 127 S.Ct. 910, 922-23 (2007).